UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

........................................................................

ADAM STEUER, individually and on behalf
of all others similarly situated,

                              Plaintiff,

v.

BARKBOX, INC.,

                            Defendant.

........................................................................

:
:
:
:
:   Civil Action No. 1:26-cv-02038-AT
:
:   CLASS ACTION
:
:
:
:
:

### DEFENDANT BARKBOX, INC.'S ANSWER AND DEFENSES TO CLASS ACTION COMPLAINT

Defendant BarkBox Inc. ("Bark") respectfully submits this Answer and Defenses ("Answer") to Plaintiff's Class Action Complaint filed on March 12, 2026, pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure. Unless specifically admitted, Bark denies each and every allegation in the Complaint.

Bark denies all allegations in the Complaint that are not specially admitted in this Answer, including all allegations contained in the headings or illustrations and all unnumbered or introductory paragraphs in the Complaint. Bark expressly reserves the right to amend and/or supplement this Answer as may be necessary.

### GENERAL DENIAL

Bark generally denies any allegation of unlawful conduct. Bark further denies that Plaintiff has suffered, or will suffer, any injury or damages, costs, or expenses, including attorneys' fees, in the manner or sum alleged, or in any manner or sum whatsoever, by reason of any act, breach, or omission of Bark or its predecessors, successors, agents, employees, or representatives.

Bark provides its answers to the allegations in the numbered paragraphs of the Complaint as follows:

1. Bark admits that Plaintiff purports to bring this case as a class action alleging violations of the TCPA. Bark denies that the putative class is properly defined and denies that class certification, including class-wide relief of any kind, is appropriate in this case. Bark denies the remaining allegations in Paragraph 1.

2. Bark denies the allegations in Paragraph 2.

## PARTIES

3. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore denies the allegations in Paragraph 3.

4. Bark denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Bark admits this Court has federal-question jurisdiction under 28 U.S.C. § 1331 but reserves the right to challenge whether Plaintiff and/or the putative class members possess Article III standing sufficient to confer jurisdiction over Plaintiff's claims. Bark denies the remaining allegations in Paragraph 5, including any allegation that Bark violated the TCPA.

6. Bark admits the allegations in Paragraph 6.

## INTRODUCTION

7. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 7, and therefore denies the allegations in Paragraph 7. Bark admits that Congress enacted the TCPA in 1991. The remaining allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Bark states that the TCPA is a series of written statutes that speak for

themselves, and Bark denies any allegations in Paragraph 7 to the extent they misquote, misstate, mischaracterize, or take out of context the provisions of the TCPA. Bark denies the remaining allegations in Paragraph 7.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Bark states that the TCPA, the Code of Federal Regulations, and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019) speak for themselves, and Bark denies any allegations in Paragraph 8 to the extent they misquote, misstate, mischaracterize, or take out of context the provisions of the TCPA, the Code of Federal Regulations, or *Krakauer*. Bark denies the remaining allegations in Paragraph 8.

## PLAINTIFF'S ALLEGATIONS

9. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore denies the allegations in Paragraph 9.

10. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore denies the allegations in Paragraph 10.

11. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies the allegations in Paragraph 11.

12. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies the allegations in Paragraph 12.

13. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies the allegations in Paragraph 13.

14. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies the allegations in Paragraph 14.

15. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies the allegations in Paragraph 15.

16. Bark admits that it sent text messages to telephone number (248) XXX-9454 in January 2026. Bark denies the remaining allegations in Paragraph 16.

17. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies the allegations in Paragraph 17.

18. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies the allegations in Paragraph 18.

19. Bark denies the allegations in Paragraph 19.

20. Bark admits that it sends some text messages for the purpose of advertising and marketing its business or services. Bark denies the remaining allegations in Paragraph 20.

21. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore denies the allegations in Paragraph 21.

22. Bark lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore denies the allegations in Paragraph 22.

23. Bark denies the allegations in Paragraph 23.

24. Bark denies the allegations in Paragraph 24.

**CLASS ALLEGATIONS**

25. Bark realleges and incorporates by reference its answers to all other paragraphs as if fully set forth herein.

26. Bark admits that Plaintiff purports to bring this case as a nationwide class action alleging violations of the TCPA. Bark denies that the putative class is properly defined and denies

that class certification, including class-wide relief of any kind, is appropriate in this case. Bark denies the remaining allegations in Paragraph 26.

27. Bark admits that Plaintiff purports to bring this case as a nationwide class action alleging violations of the TCPA. Bark denies that the putative class is properly defined and denies that class certification, including class-wide relief of any kind, is appropriate in this case. Bark denies the remaining allegations in Paragraph 27.

28. Bark denies the allegations in Paragraph 28.

29. Bark denies the allegations in Paragraph 29.

30. Bark denies the allegations in Paragraph 30.

31. Bark denies the allegations in Paragraph 31 and its subparts.

32. Bark denies the allegations in Paragraph 32.

33. Bark denies the allegations in Paragraph 33 and its subparts.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

34. Bark realleges and incorporates by reference its answers to each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35. Paragraph 35 contains legal conclusions to which no response is required, but to the extent a response is required, Bark denies the allegations in Paragraph 35.

36. Bark denies the allegations in Paragraph 36.

37. Bark denies the allegations in Paragraph 37.

38. Bark denies the allegations in Paragraph 38.

39. Bark denies the allegations in Paragraph 39.

**PRAYER FOR RELIEF**

Bark denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief or its subparts.

**DEMAND FOR JURY TRIAL**

Bark demands a trial by jury on all issues so triable.

\* \* \* \*

**<u>BARK'S DEFENSES</u>**

In further response to the Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof of any issue for which Plaintiff bears the burden of proof, Bark asserts the following defenses to the Complaint:

**FIRST DEFENSE**

Plaintiff's allegations fail to state a claim for which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claim is barred because some or all of the calls or messages received by Plaintiff were not telephone solicitations.

**THIRD DEFENSE**

Plaintiff's claim is barred to the extent that Plaintiff was not required to provide or did provide Bark with consent to engage in the telemarketing practices Plaintiff alleges to be wrongful.

**FOURTH DEFENSE**

Plaintiff's claim is barred because, in accordance with 47 U.S.C. § 227, Bark "has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations."

## FIFTH DEFENSE

Plaintiff's claim is barred because Bark's business practices meet the standards described in 47 C.F.R. § 64.1200(c)(2)(i).

## SIXTH DEFENSE

Plaintiff's claims and those of the putative class members may be barred by an applicable statute, including, but not limited to, the statute of limitations set forth in 28 U.S.C. § 1658.

## SEVENTH DEFENSE

Any injury, statutory or otherwise, allegedly suffered by Plaintiff was not caused by the acts, conduct, or omissions of Bark.

## EIGHTH DEFENSE

Plaintiff's claim for treble damages pursuant to 47 U.S.C. § 227(c)(5) is barred because Bark did not willfully or knowingly violate the TCPA.

## NINTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action. Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action under the Federal Rules of Civil Procedure and other applicable law. The claims in the Complaint may not be properly certified because the putative class members are not readily ascertainable. The purported class may also fail to satisfy numerosity requirements. Plaintiff is otherwise not an appropriate class representative because his claims are not common and/or typical of the claims of the purported class members, which are subject to numerous individualized defenses. The claims in the Complaint are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over

individual issues raised by the claims in the Complaint, and Plaintiff and their counsel would not adequately represent the putative class members.

## TENTH DEFENSE

Plaintiff's claim is barred because Bark did not have actual knowledge of any unlawful transmissions.

## ELEVENTH DEFENSE

The TCPA violates the First, Fifth, and Fourteenth Amendments of the United States Constitution.

## TWELFTH DEFENSE

Plaintiff is not entitled to statutory or punitive damages that are excessive under the common law or the U.S. Constitution, including the Constitution's prohibition of excessive fines and its guarantee of due process of law.

## THIRTEENTH DEFENSE

Plaintiff's request for injunctive relief is barred under the TCPA.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by waiver, estoppel, laches, and/or unclean hands.

## FIFTEENTH DEFENSE

Plaintiff's claim is barred because the calls at issue were authorized by the TCPA and/or applicable regulations. Plaintiff's TCPA claim is also barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

* * * *

Bark hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including defenses that may apply to any

unnamed members of the putative class which Plaintiff seeks to represent, and hereby reserves its rights to amend its Answer and Defenses to assert any such defense.

DATED: April 23, 2026.

/s/ Kevin J. O'Brien
Kevin J. O'Brien
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: (212) 556-2100
kobrien@kslaw.com

*Counsel for Defendant*

9