# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Steuer v. BarkBox, Inc.,* No. 1:26-cv-02038-AT, Letter Regarding 26(f) Conference

Dear Judge Torres:

Pursuant to the Court's April 27, 2026 Initial Pretrial Scheduling Order and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Adam Steuer ("Plaintiff") and Defendant BarkBox, Inc. ("Defendant") respectfully submit this joint letter with the accompanying proposed Civil Case Management Plan and Scheduling Order.

### 1.   Brief Description of the Case

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by transmitting telemarketing text messages to cellular telephone numbers listed on the National Do-Not-Call Registry without prior express invitation or permission. Plaintiff brings this action individually and on behalf of a putative nationwide class.

Defendant denies all allegations in Plaintiff's complaint that are not admitted in its Answer, filed on April 23, 2026 (Dkt. 11), including that class certification, including class-wide relief of any kind, is appropriate in this case or that the putative class is properly defined.

### 2.   Contemplated Motions

At the end of discovery, the Plaintiff anticipates filing a motion for class certification.

Prior to any motion for class certification, Defendant intends to file an early motion for summary judgment to demonstrate that it has "established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed" under the TCPA, such that the safe harbor established under 47 U.S.C. § 227(c)(5) and its implementing regulations precludes liability against Defendant.

The Plaintiff anticipates taking discovery on this issue, which by its nature as a process of the Defendant, applies equally to all class members.

### 3. Prospects for Settlement

Plaintiff believes that settlement discussions may be productive following the exchange of information.

Defendant does not believe that the exchange of informal discovery or other information is necessary at this time or will materially advance the prospects of settlement. However, Defendant agrees to participate in good faith in early settlement discussions.

### 4. Proposed Schedule

Given the putative nationwide class allegations, the anticipated scope of electronically stored information ("ESI"), and anticipated class discovery, Plaintiff respectfully submits that a schedule modestly longer than the default schedule contemplated by the Court's model Case Management Plan is appropriate and proportional to the needs of the case.

Plaintiff respectfully opposes Defendant's proposal to bifurcate discovery. Defendant's anticipated summary judgment motion is premised on the TCPA's statutory safe harbor, which turns on whether Defendant "established and implemented, with due care, reasonable practices and procedures" designed to prevent the transmission of unlawful telemarketing messages. 47 U.S.C. § 227(c)(5). The factual issues relevant to that defense concern Defendant's policies, procedures, systems, vendors, oversight, and implementation practices, all of which are common to Plaintiff and every putative class member.

Accordingly, the discovery necessary to test Defendant's asserted safe harbor defense substantially overlaps with the discovery relevant to class certification and the merits. Whether Defendant maintained adequate compliance procedures is not an individualized issue unique to Plaintiff's claim, but rather a companywide defense that, if accepted, Defendant contends would defeat the claims of the entire putative class. Bifurcating discovery under these circumstances would therefore not promote efficiency, but instead would risk duplicative discovery, multiple rounds of document production and depositions, and unnecessary delay in resolving class certification and the merits.

For these reasons, Plaintiff submits that a single, coordinated discovery schedule is the most efficient and proportional approach.

Defendant agrees with Plaintiff that, for the reasons identified above, a schedule modestly longer than the default schedule contemplated by the Court's model Case Management Plan is appropriate and proportional to the needs of the case. To further streamline discovery and the proceedings before this Court, Defendant respectfully submits that discovery will be best pursued in two phases. Defendant proposes that the first phase of discovery be limited to the threshold issue of whether Defendant has established "practices and procedures to effectively prevent telephone solicitations in violation of the regulations," including the text messages Plaintiff allegedly received. Defendant proposes that the second phase of discovery, if necessary, be focused on the merits of Plaintiff's individual claims as well as the factual evidence, if any, that may be relevant to Plaintiff's forthcoming motion for class certification. Defendant submits that the second phase of discovery should not proceed until the Court has decided Defendant's

early summary judgment motion and considers whether Plaintiff's claims may be narrowed or dismissed altogether under the TCPA's statutory safe harbor defense. With permission from

Defendant, the parties respectfully submit the jointly proposed Civil Case Management Plan and Scheduling Order contemporaneously herewith.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(o) 617-485-0018 | (c) 508-221-1510
anthony@paronichlaw.com


*/s/ Kevin J. O'Brien*
Kevin J. O'Brien
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: (212) 556-2100
kobrien@kslaw.com

*Counsel for Defendant*


cc: Counsel of Record (via ECF)