UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................

ADAM STEUER, individually and on behalf     :
of all others similarly situated,            :
                                             :
                        Plaintiff,           :     Civil Action No. 1:26-cv-02038-AT
                                             :
v.                                           :     CLASS ACTION
                                             :
BARKBOX, INC.,                               :
                                             :
                        Defendant.           :

......................................................................

### CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

ANALISA TORRES, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.      All parties **do not consent** to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.      This case **is** to be tried to a jury.

3.      Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **90 days** from the date of this Order.

4.      Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than **30 days** from the date of this Order.

5.      All fact discovery shall be completed no later than **February 26, 2027**.

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:
   a.      Initial requests for production of documents to be served by **July 31, 2026**.
   b.      Interrogatories in accordance with LCR Rule 33.3(a) to be served by **July 31, 2026**.
   c.      Depositions to be completed by **January 23, 2027**.
   d.      Requests to Admit to be served no later than **July 31, 2026.**

e. Interrogatories in accordance with LCR Rule 33.3(c) to be served no later than thirty (30) days prior to the date in paragraph 5 (i.e. the completion of all fact discovery).

7. a. All expert discovery shall be completed no later than **April 30, 2027**.

b. No later than thirty (30) days prior to the date in paragraph 5 (i.e. the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: **No informal discovery is necessary at this time.**

b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **retention of a privately retained mediator.**

c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: **The parties will participate in early settlement discussions and, if unsuccessful, agree to meet-and-confer no later than February 26, 2027 regarding the prospect of participation in mediation before a privately retained mediator. If the parties mutually agree to mediate, they agree that the costs of mediation shall be evenly split between the parties.**

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **3 to 5 days**.

13. Pursuant to Rule 26(f)(3), the parties have conferred about the following Discovery Plan:

   (A) Changes in the timing, form, or requirement for disclosures under Rule 26(a): **None.**
   (B) Subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues:
   Plaintiff's Position: **[Insert]**

   Defendant's Position: **The TCPA provides that businesses can raise, as an affirmative defense to any private action for sending an unsolicited text message to an individual on a Do-Not-Call list, that "the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed" under the TCPA.** *See* **47 U.S.C. § 227(c)(5). Defendant intends to file an early motion for summary judgment to demonstrate that it has established and implemented such reasonable practices sufficient to invoke the safe harbor. As a result, Defendant believes discovery is best pursued in phases. Defendant proposes that the first phase of discovery be streamlined and limited to the threshold issue of whether Defendant has established "practices and procedures to effectively prevent telephone solicitations in violation of the regulations," including the text messages Plaintiff allegedly received. Defendant proposes that the second phase of discovery, if necessary, be focused on the merits of Plaintiff's individual claims as well as the factual evidence, if any, that may be relevant to Plaintiff's forthcoming motion for class certification. However, the second phase of discovery should not proceed until the Court has decided Defendant's early summary judgment motion and considers whether Plaintiff's claims may be narrowed or dismissed altogether under the TCPA's statutory safe harbor defense. In the event the Court enters a schedule permitting phased discovery, Defendant proposes that the deadlines outlined in paragraphs 5, 6, & 7 should**

3

**reflect only the first phase of discovery (focused on Defendant's established practices and procedures) and that deadlines for the second phase of discovery must be submitted to the Court by stipulation no later than fourteen (14) days following entry the Court's order on Defendant's motion for summary judgment.**

(C)   Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced: **The parties will submit a separate Stipulated Protocol Governing Discovery for the Court's consideration.**

(D)   Issues about claims of privilege or of protection as trial-preparation materials: **None.**

(E)   Changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed: **None.**

(F)   Other orders the court should issue under Rule 26(c) or under Rule 16(b) or (c): **None.**

-----------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.   [Other]

15.   The next Case Management Conference is scheduled for _____ at _____.

16.   The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: _____
       New York, New York