# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, Georgia 30309
Tel:  +1 404 572 4600
Fax:  +1 404 572 5100
www.kslaw.com

Allexia Bowman Roberts
Associate
Direct Dial:  +1 404 572 3584
aroberts@kslaw.com

August 7, 2026

**VIA CM/ECF ONLY**
The Honorable Analisa Torres, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

      Re:     *Steuer v. BarkBox, Inc.*, No. 1:26-cv-02038-AT

Dear Judge Torres:

We represent Defendant BarkBox, Inc. ("Bark") in the above-referenced matter. We write in accordance with Rule III(A) of the Court's Individual Practices in Civil Cases to respectfully request permission from the Court to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on Plaintiff Adam Steuer's claim that Bark violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* Accordingly, we also write to ask that the Court set a briefing schedule for the forthcoming motion.

**Nature of the Anticipated Motion**

Bark intends to move for judgment on the pleadings on Plaintiff's sole cause of action that Bark violated Section 227(c)(5) of the TCPA by sending unsolicited text messages to a telephone number listed on the National Do-Not-Call Registry. The motion is appropriate at this stage because the legal deficiencies in Plaintiff's claim are apparent from the face of the pleadings, and no further factual development is required to resolve the purely legal questions presented. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

**Summary of Arguments**

*First*, Section 227(c)(5) does not apply to text messages. Congress created a private right of action under Section 227(c)(5) only for persons who receive multiple unwanted "telephone

August 7, 2026
Hon. Analisa Torres
Page 2

call[s]." The phrase "telephone call" does not encompass text messages. This plain language interpretation of the Act is supported by a growing consensus of federal courts addressing the issue, including the Seventh Circuit's recent decision in *Steidinger v. Blackstone Medical Services*, __ F.4th __, 2026 WL 2028517 (7th Cir. July 14, 2026) (holding Section 227(c)(5) "does not permit plaintiffs to sue for the receipt of unwanted texts"). While the FCC previously interpreted "telephone call" to include a text message, this expansive interpretation was at odds with the plain language of the TCPA. Moreover, following the United States Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), courts must independently interpret the TCPA rather than deferring to earlier FCC interpretations of the statutory text. There is no Second Circuit authority that binds this Court on the statutory interpretation of Section 227(c)(5), and the issue is therefore ripe to be decided as a matter of law.

*Second*, Plaintiff pursues his claim under Section 227(c), which applies only to "residential telephone subscribers," not cellular telephones. As alleged in his complaint, Plaintiff's TCPA claim is premised entirely on the unwanted receipt of text messages sent to his cellular phone. The plain meaning of "residential telephone" refers to a telephone connected to a fixed abode, not a mobile device. *See, e.g.*, *Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353, at *4 (E.D. Tex. June 16, 2021) (ruling that "Plaintiff has not provided a sufficient basis to proceed on his claim under § 227(c)(5) of the TCPA" which applies "to a residential telephone subscriber" and "does not encompass Plaintiff's cell phone") (collecting cases), *report and recommendation adopted*, 2021 WL 3048400 (E.D. Tex. July 20, 2021). Other provisions of the TCPA explicitly distinguish between "residential" and "cellular" telephone services, confirming that Congress intentionally limited Section 227(c) to the former. Thus, even assuming Plaintiff's allegations are true, as this Court must do on a motion for judgment on the pleadings, his claims fall outside the scope of the statute he invokes and cannot proceed.

**Relief Sought**

Bark respectfully requests that the Court set a briefing schedule for its anticipated motion for Bark's judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Bark has served a copy of this letter on Plaintiff's counsel simultaneously with its filing on ECF.

Sincerely,

Allexia Bowman Roberts

cc: All counsel of record (via CM/ECF)