# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

August 8, 2026

**Via ECF**

The Honorable Analisa Torres
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Steuer v. BarkBox, Inc.*, No. 1:26-cv-02038-AT

Dear Judge Torres:

Plaintiff Adam Steuer respectfully submits this letter pursuant to Rule III(A) of the Court's Individual Practices in response to Defendant BarkBox, Inc.'s August 7, 2026 letter requesting leave to move for judgment on the pleadings. Defendant proposes to argue that (1) a text message is not a "telephone call" within 47 U.S.C. § 227(c)(5), and (2) a cellular telephone cannot qualify as a "residential telephone" for purposes of § 227(c). Neither argument warrants judgment on the pleadings.

## I. Text Messages Are "Telephone Calls" Under § 227(c)(5).

Defendant relies principally on *Steidinger v. Blackstone Medical Services*, No. 25-2398, 2026 U.S. App. LEXIS 20613 (7th Cir. July 14, 2026), an out-of-circuit decision that does not bind this Court and whose reasoning conflicts with persuasive authority—including authority within this District.

The Second Circuit has repeatedly recognized that text messages qualify as "calls" under the TCPA. See *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 283–84 (2d Cir. 2020) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), for the proposition that "[i]t is undisputed" that a text message qualifies as a call); *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 88–89 (2d Cir. 2019). And, more directly, Judge Engelmayer recently rejected the argument Defendant proposes to make here, holding that a text message is a "telephone call" for purposes of § 227(c)(5). *Wilson v. Better Mortgage Corp.*, 811 F. Supp. 3d 631, 638–42 (S.D.N.Y. 2025). A court in this Circuit has since reached the same conclusion. *Wilson v. Easy Spirit, LLC*, 2026 U.S. Dist. LEXIS 69059 (D. Conn. Mar. 31, 2026).

Those decisions follow the ordinary meaning of "call" when Congress enacted the TCPA. Contemporary dictionaries defined "call" functionally: "to get or try to get into communication by telephone." *Steidinger*, 2026 U.S. App. LEXIS 20613, at *5. A text message fits that definition. It is an attempt to communicate by telephone, sent from or through a telephone

system to a telephone number. As the Ninth Circuit recently held after independently analyzing the statutory text, "text messaging plainly fits within that literal definition of a 'call,' because 'text messaging is a form of communication used primarily between telephones.'" *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1123–24 (9th Cir. 2026).

*Steidinger* reached the opposite conclusion by separately defining the noun "telephone" as an instrument used to convey sound and then effectively importing a sound requirement into the word "call." But "telephone" identifies the instrument or medium through which the communication occurs; it does not require the communication itself to be audible. Indeed, Congress knew how to impose an auditory limitation when it wanted one: elsewhere the TCPA expressly regulates an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)–(B). Section 227(c)(5) contains no comparable "voice" limitation. *Steidinger* also creates an unexplained inconsistency within the same statute. It accepts that a text message may constitute a "call" under § 227(b), yet concludes that the same word excludes texts under § 227(c)(5). 2026 U.S. App. LEXIS 20613, at *13. That runs against the ordinary presumption that identical words used in different portions of the same statute carry the same meaning. See *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 85 (2017). As Judge Engelmayer explained, "[l]imiting § 227(c)'s reach to telephone voice calls while § 227(b) covers voice as well as text messages would create an irrational asymmetry at odds with the statute's text and structure." *Better Mortgage*, 811 F. Supp. 3d at 641.

Nor does § 227(a)(4)'s definition of "telephone solicitation" as the initiation of a "telephone call or message" compel *Steidinger*'s conclusion that a "message" can never also constitute a "call." Congress itself used "call" to describe the act of reaching a person by telephone and "message" to describe the content being delivered. Section 227(b)(1)(B), for example, regulates a "telephone call" made "to deliver a message." The structure of § 227(c) reinforces that conclusion. Defendant emphasizes that §§ 227(c)(1)–(4) regulate "telephone solicitations," while § 227(c)(5) refers to "telephone calls." But § 227(c)(5) itself expressly provides an affirmative defense based on reasonable practices designed to avoid "telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5)(C). Congress thus used the defined term "telephone solicitation" inside the very private-remedy provision Defendant contends is categorically limited to voice communications.

The regulations enforced through § 227(c)(5) likewise expressly contemplate text messages. Section 64.1200(e) applies the relevant restrictions to "telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e). *Steidinger* discounted that regulation because the FCC promulgated it pursuant to § 227(c)'s rulemaking authority rather than § 227(c)(5) itself. But § 227(c)(5) grants no separate rulemaking authority. It supplies the private remedy for violations of "the regulations prescribed under this subsection"—the regulations Congress directed the FCC to promulgate in the preceding paragraphs.

The Honorable Analisa Torres
United States District Judge
August 8, 2026
Page 3

Neither *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), nor *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), changes the statutory text. Courts need not defer to the FCC to conclude that "call" encompasses texts. The Ninth Circuit reached precisely that conclusion post-*Loper Bright* through independent statutory interpretation. *Howard*, 164 F.4th at 1123–24. And courts within this Circuit have likewise held that § 227(c)(5) encompasses text messages. *Better Mortgage*, 811 F. Supp. 3d at 638–42; *Easy Spirit*, 2026 U.S. Dist. LEXIS 69059.Defendant thus asks this Court to follow one nonbinding circuit decision and reject the interpretation adopted by courts within this Circuit. The Court should decline to do so.

**II. This Court Has Already Rejected Defendant's Argument That Cellular Subscribers Are Categorically Excluded From § 227(c).**

Defendant's second proposed argument—that § 227(c) applies only to landlines and categorically excludes cellular telephones—has already been rejected in this District. In *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195 (S.D.N.Y. 2024), the court considered this precise question following *Loper Bright* and held that "users of cellphones are not categorically excluded from the definition of 'residential subscriber' under the TCPA." *Id.* at 204.

*Cacho* began with the statutory text. Section 227(c) protects "residential telephone subscribers," not a particular type of telephone hardware. *Id.* at 206. A "subscriber" is a person who subscribes to telephone service, whether wired or wireless, and "residential" describes the capacity in which that person subscribes. *Id.* Thus, in context, Congress used "residential" to distinguish a subscriber using telephone service for personal or domestic purposes from a business or commercial subscriber—not to distinguish landlines from cellular phones. *Id.* A "residential subscriber," the court explained, is one who uses telephone service "for personal activities associated with his or her private, domestic life." *Id.*

That interpretation follows both the TCPA's language and its structure. Congress itself contrasted "business" and "residential" customers in the TCPA's findings, and the statute elsewhere contrasts a "residential subscriber" with a "business subscriber." See 47 U.S.C. § 227(a)(2)(A); Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

*Cacho* also rejected the same structural inference Defendant proposes here—that because § 227(b) expressly refers to "cellular telephone service," § 227(c)'s omission of that phrase necessarily excludes cellular subscribers. 739 F. Supp. 3d at 205–07. Statutory context instead establishes that "Congress used the term 'residential' in the broader sense of 'relating to a resident' to distinguish such a subscriber from a business or commercial telephone subscriber." *Id.* at 206. As *Cacho*explained, "Congress's interest in Section 227(c) was in the person and province that was being invaded and not simply in the technology through which the invasion was effected." *Id.* at 207.

Other courts in this Circuit have proceeded consistently with that understanding. Most recently, *Wilson v. Better Mortgage Corp.*, No. 25 Civ. 5503, 2025 U.S. Dist. LEXIS 251694 (S.D.N.Y. Dec. 5, 2025), permitted a § 227(c) claim involving text messages sent to a cellular telephone to proceed. And courts elsewhere applying *Loper Bright* have likewise rejected the contention that § 227(c) categorically excludes cellphones. The distinction therefore is not between a "residential telephone" and a "cellular telephone." It is between a residential subscriber and a business subscriber.

Defendant's cited authority does not establish otherwise. Its letter relies on *Cunningham v. Creative Edge Marketing LLC*, an Eastern District of Texas decision, for the proposition that § 227(c) "does not encompass Plaintiff's cell phone." But *Cunningham* predates *Cacho*, is outside this Circuit, and cannot overcome the subsequent, directly contrary analysis of a court in this District. *Cacho* independently construed the statutory language and rejected categorical exclusion of cellular subscribers.

At minimum, then, the mere allegation that Plaintiff received Defendant's solicitations on a cellular phone cannot establish that Plaintiff falls outside § 227(c) as a matter of law. The relevant question is whether Plaintiff is a residential subscriber—i.e., whether the number is used for personal and domestic rather than business purposes. *Cacho*, 739 F. Supp. 3d at 206. Defendant's proposed Rule 12(c) motion instead asks this Court to adopt a categorical landline limitation that another court in this District has already considered and rejected. There is no basis to do so.

### Conclusion

Defendant's proposed motion presents neither a settled rule of law nor a basis for disposing of Plaintiff's claim on the pleadings. The proposed interpretation of "telephone call" conflicts with decisions from courts within this Circuit, including *Better Mortgage*, and with the ordinary meaning, structure, and regulatory implementation of the TCPA. Defendant's categorical exclusion of cellular numbers is likewise inconsistent with the FCC's rules and authority recognizing that wireless numbers used for residential purposes receive do-not-call protection.

Plaintiff therefore respectfully requests that the Court deny Defendant's request to file its proposed Rule 12(c) motion or, if the Court permits the motion, set an appropriate briefing schedule.

Respectfully submitted,

s/ Anthony I. Paronich
*Counsel for Plaintiff*