UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM STEUER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 1:26-cv-02038-AT |
| v. | CLASS ACTION |
| BARKBOX, INC., | |
| Defendant. | |

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

ANALISA TORRES, District Judge:

WHEREAS, Plaintiff Adam Steuer ("Plaintiff") and Defendant BarkBox, Inc. ("Defendant") (each a "Party" and together, the "Parties") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

It is hereby ORDERED that the following procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. A Party may designate any document or information, in whole or in part, as confidential if the Party determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-

public information ("Confidential Information"). Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information (the "Receiving Party") solely for use in connection with the action.

3. In the event a Party challenges a designation of confidentiality, the Parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The Receiving Party and its counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, a Receiving Party must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of

the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than sixty (60) days after entry of final judgment no longer

subject to appeal) returned to the producing Party or certified as destroyed, except that counsel shall be permitted to retain working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 9, 2026

*<u>/s/ Anthony I. Paronich</u>*
Anthony I. Paronich (admitted *pro hac vice*)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

*<u>/s/ Kevin J. O'Brien</u>*
Kevin J. O'Brien
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Phone: (212) 556-2100
kobrien@kslaw.com

S. Stewart Haskins II (admitted *pro hac vice*)
Allexia Bowman Roberts (admitted *pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
Phone: (404) 572-4600
shaskins@kslaw.com
aroberts@kslaw.com

*Counsel for Defendant BarkBox, Inc.*

**IT IS SO ORDERED.**

________________________
Hon. Analisa Torres
United States District Judge

Dated: November ___, 2026
New York, New York

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________ , of ____________________________________, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on ________ in the case of *Steuer v. BarkBox, Inc.*, No. 1:26-cv-02038-AT (S.D.N.Y. 2026).

I agree to comply with and to be bound by all the terms of the Protective Order, including its restrictions on the use of generative artificial intelligence tools and its data-security requirements, and I understand that failure to comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with its provisions, and I will return or destroy all such material at the conclusion of this matter as the Protective Order requires.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ___________________

City and State where sworn and signed: __________________, ___

Printed name: __________________

Signature: _____________________