# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-25-00453-JD |
| WORLDWIDE GOLF SHOPS, LLC, | ) | |
| Defendant. | ) | |

# <u>ORDER</u>

Before the Court is Defendant Worldwide Golf Shops, LLC's ("Defendant") Motion to Dismiss or, in the Alternative, Motion to Strike Class Allegations ("Motion"). [Doc. No. 23]. Plaintiff Paul Reaves ("Plaintiff") filed a Response [Doc. No. 27], and Defendant filed a Reply [Doc. No. 28]. With leave of Court, Plaintiff filed a Sur-Reply. [Doc. No. 38 at 3; Doc. No. 39].

For the reasons outlined below, the Court grants the Motion.

## I. <u>BACKGROUND</u>

Plaintiff brings this case under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. [Doc. No. 21 ¶¶ 47–50]. Congress passed the TCPA in 1991 to help prevent unwanted telephone solicitations. [*Id.* ¶ 9]. Pursuant to the TCPA's statutory mandate to initiate a rulemaking proceeding to evaluate options "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," the Federal Communications Commission ("FCC") established a national

"do not call" database. [*Id.* ¶¶ 10–12 (first quoting 47 U.S.C. § 227(c)(1))]. The database is recognized at 47 C.F.R. § 64.1200(c)(1)–(2). [*Id.* ¶ 13].

Plaintiff's telephone number is registered on the National Do Not Call Registry (the "Registry") and has been since 2017. [*Id.* ¶ 17]. Plaintiff uses the telephone number for residential purposes, and it is not associated with a business. [*Id.* ¶¶ 18, 24]. Plaintiff's telephone number is assigned to a residential telephone exchange service for consumers, not a telephone exchange service for businesses, and Plaintiff uses the number for personal, family, and household purposes. [*Id.* ¶¶ 19, 20]. Plaintiff uses the number similarly to the way one would use a landline. [*Id.* ¶ 21]. The number is associated with a cellphone that is on a personal plan with Cricket. [*Id.* ¶ 23].

Between December 2023 and April 2024, Plaintiff received at least three telemarketing text messages from Defendant. [*Id.* ¶ 25]. Plaintiff did not request or consent to the telemarketing messages. [*Id.* ¶ 29].

Plaintiff purports to bring this case on behalf of himself and a class he defines as follows:

> National Do Not Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one text message advertising Defendant's goods or services from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

[*Id.* ¶¶ 32, 33].

Plaintiff brings a cause of action under § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(c), alleging that Defendant's text messages to Plaintiff and members of the

putative class, all of whom are on the Registry, violated the TCPA. [*Id.* ¶¶ 47–50]. Plaintiff seeks statutory damages of $500 for each TCPA violation and $1,500 for each knowing or willful violation. [*Id.* ¶ 50].

Defendant filed the Motion, requesting that the Court dismiss Plaintiff's claim for failure to state a claim, or alternatively, asking that the Court strike Plaintiff's class allegations. [*See* Doc. No. 23 at 8].[1]

## II. **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not

---

[1] The Court uses page numbering from the CM/ECF stamp at the top of the district court docket filing in this order.

entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in his complaint, but the elements of each cause of action help to determine whether the plaintiff has set forth a plausible claim. *Id.* at 1192. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

## III. ANALYSIS

Plaintiff's First Amended Class Action Complaint alleges that Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). [Doc. No. 21 ¶¶ 47–50].

Section 227(c)(1) of the TCPA instructs the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Section 227(c)(3) further directs the FCC to promulgate regulations to establish and operate a national database of telephone numbers of "residential subscribers" who object to receiving telephone solicitations and permits the FCC to prohibit telephone solicitations to any number in the database. *Id.* § 227(c)(3). The FCC promulgated these regulations that, in general, prohibit "telemarketers from placing telephone calls to residential telephone subscribers without following certain procedures." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628–29 (6th Cir. 2009).

Defendant argues that Plaintiff has not adequately alleged a violation of § 227(c)(5) because he has pled that Defendant sent Plaintiff text message solicitations rather than phone calls. [Doc. No. 23 at 7, 14–15; Doc. No. 28 at 3–7].[2] Section 227(c)(5) of the TCPA creates a private right of action for anyone "who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). In contrast, section 64.1200(c)(2) of the regulations prohibits "*telephone solicitations*" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons." 47 C.F.R. § 64.1200(c)(2) (emphasis added). Accordingly, under the language of the regulation, a text message could arguably be a "telephone solicitation." However, the statute only explicitly creates a private right of action for telephone calls in violation of the regulations. Plaintiff urges the Court to interpret "telephone call" as used in § 227(c)(5) to include text messages.

When interpreting a statute, the Court's "first job is to try to determine congressional intent, using traditional tools of statutory construction." *Dole v. United Steelworkers of Am.*, 494 U.S. 26, 35 (1990) (quotation marks and citation omitted). The Court's "starting point is the language of the statute." *Id.* (quoting *Schreiber v. Burlington N., Inc.*, 472 U.S. 1, 5 (1985)). Because "[t]he TCPA doesn't offer a definition . . . we turn to contemporaneous dictionary definitions for guidance." *Steidinger v. Blackstone*

[2] Defendant raises other arguments, but the Court finds this one dispositive.

*Med. Servs.*, 182 F.4th 532, 535 (7th Cir. 2026) (citing *Delaware v. Pennsylvania*, 598 U.S. 115, 127–28 (2023)). At the time of enactment, the dictionary definition for "telephone" was "[a]n instrument for reproducing sounds at a distance" and "call" was "to get or try to get into communication by telephone." *Id.* at 535–36 (quoting *Telephone* and *Call*, Webster's Ninth New Collegiate Dictionary (1991)). Thus, the ordinary meaning of the words support that "telephone call" as used in § 227(c)(5) does not include text messages because "in 1991, a 'telephone call' referred to communication via sound." *Id.* at 536.

Plaintiff argues that other courts have interpreted "call" as used in the TCPA to include text messages. [Doc. No. 27 at 20]. However, the cases cited by Plaintiff interpret "call" as used in § 227(b)(1)(A), and Congress has affirmatively indicated in subsequent revisions to the TCPA that § 227(b) applies to text messages.[3] *See Steidinger*, 182 F.4th at 539 (citing Pallone-Thune Telephone Robocall Abuse Criminal Enforcement and Deterrence Act, sec. 10(a), § 227(i), 133 Stat. 3274, 3284 (2019)). Additionally, § 227(b) and (c) have different breadths and use different language. *See id.* (comparing and contrasting § 227(b) and (c) and rejecting that "call" is used consistently in both sections).[4]

---

[3] Plaintiff cites *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), and *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), both of which interpret "call" as used in § 227(b)(1)(A).

[4] The Seventh Circuit contrasted the sections as follows:

> Subsection (b) prohibits a wide range of conduct, including certain calls to paging services and uses of telephone facsimile machines. And subsection

Plaintiff also contends that "the FCC has recognized since 2003 that when the statute says 'call,' it means not just . . . traditional voice calls but also modern text messages." [Doc. No. 27 at 20 (citing *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (F.C.C. 2003))]. But the Supreme Court recently concluded that district courts are not bound by agency interpretations of statutes. In *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, the Supreme Court addressed "whether the Hobbs Act bars different parties in subsequent enforcement proceedings from arguing—and district courts from concluding—that the agency incorrectly interpreted the statute." 606 U.S. 146, 153 (2025). As explained by the Supreme Court, "the Hobbs Act provides for pre-enforcement judicial review of FCC orders." *Id.* at 151–52. The Supreme Court addressed the defendant and United States' argument that "the Hobbs Act's provision for pre-enforcement review in the courts of appeals bars district courts in enforcement proceedings from disagreeing with an agency's interpretation of a statute." *Id.* at 152. The Supreme Court concluded that district courts are *not* bound by the agency's interpretation of a statute and "instead must determine the meaning of the law under ordinary principles

---

> (b)'s corresponding private right of action is broadly framed: an individual may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." Conversely, § 227(c)(5) only creates a private right of action for "a person who has received more than one telephone call within any 12-month period in violation of the regulations prescribed under this subsection." Thus, there is a difference in language that both explains and supports our conclusion that § 227(c)(5) does not apply to text messages.

*Steidinger*, 182 F.4th at 539 (quotation modified).

of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id.* at 155. Accordingly, the Court's role is to interpret the statute in accordance with typical rules of statutory construction.

Not only is the Court not bound by the FCC's interpretation, but the interpretation cited by Plaintiff interprets "call" as found in § 227(b), not § 227(c). *See In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 n.603 (F.C.C. 2003) (citing 47 U.S.C. § 227(b)(1)). In short, the arguments made by Plaintiff are insufficient to overcome the unambiguous language of the statute, which limits the private right of action to a person who has received more than one telephone call within any 12-month period in violation of the regulations. 47 U.S.C. § 227(c)(5); *cf. Facebook, Inc. v. Duguid*, 592 U.S. 395, 406 (2021) (concluding that the defendant's arguments could not overcome the "clear commands" of the statute's "text and the statutory context").

Additionally, although the Tenth Circuit has yet to address the issue, the Court's interpretation is consistent with the majority of circuit and district courts that have addressed the issue following *McLaughlin*. In addition to the Seventh Circuit's decision in *Steidinger*, district courts in the Sixth, Seventh, and Eleventh Circuits have concluded that § 227(c)(5) does not apply to text messages. *See, e.g.*, *Stockdale v. Skymount Prop. Grp., LLC*, 825 F. Supp. 3d 622, 626 (N.D. Ohio 2026) ("Where, as here, the language of the statute is clear, the Court's analysis stops."); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) (concluding that because "text messages do not fall within the term 'telephone call' under § 227(c)(5),

Plaintiff's claim fails as a matter of law"); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) ("Thus, under a plain reading, [§] 227(c)(5) of the TCPA does not regulate text messages."); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1274–76 (N.D. Fla. 2025) (same).[5]

For the reasons outlined above, the Court concludes that § 227(c)(5) does not apply to text messages. Plaintiff's First Amended Complaint alleges that Defendant violated § 227(c)(5) by sending Plaintiff "at least three telemarketing text messages." [Doc. No. 21 ¶ 25]. The First Amended Complaint does not contain factual allegations that Defendant called Plaintiff. Accordingly, the Court concludes that Plaintiff fails to state a claim under § 227(c)(5) against Defendant.[6]

---

[5] The district court in *Davis* stated:

> The very provision at issue (§ 227(c)(5)) proves the point. It limits the private right to those who received two or more unwanted calls, even when a single call would violate the TCPA. Moreover, I reject Davis's suggestion that it would make no sense for Congress to limit the private right to telephone calls while regulating more broadly. Congress could reasonably conclude that unwanted telephone calls are more bothersome and intrusive than unwanted text messages, and it could provide broader protections against the former than the latter. Whatever its reasoning, it clearly limited the private right to those receiving "telephone calls."

797 F. Supp. 3d at 1274.

[6] Additionally, Plaintiff's request to amend his complaint, which is contained in his Response, is improper. [*See* Doc. No. 27 at 31]. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LCvR7.1(c) ("A response to a motion may not also include a motion . . . made by the responding party."); LCvR15.1 (explaining that a party moving to amend a pleading must attach the proposed pleading as an exhibit to the motion); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails

Because the Court concludes that Plaintiff fails to state a claim, Plaintiff does not have standing to pursue this claim on behalf of the putative class members. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

## IV. **CONCLUSION**

For the reasons outlined above, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's claim without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 14th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

to file a formal motion." (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))).