**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAM STEUER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARKBOX, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-02038-AT<br><br>CLASS ACTION |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Adam Steuer respectfully submits this response to Defendant BarkBox, Inc.'s Notice of Supplemental Authority (ECF No. 34) in support of its Motion for Judgment on the Pleadings (ECF No. 25).

**I. Three of BarkBox's Five "Supplemental" Authorities Predate Its Reply.**

BarkBox filed its reply on October 16, 2026. ECF No. 30. Three of the five decisions in its Notice were issued before then: *Reaves v. Worldwide Golf Shops, LLC*, No. CIV-25-00453-JD (W.D. Okla. Sept. 14, 2026) (ECF No. 34-1); *Lowrey v. Twilio, Inc.*, 2026 WL 2958730 (W.D. Va. Oct. 1, 2026) (ECF No. 34-2); and the October 14, 2026 report and recommendation in *Siringi v. Crust Pizza Co.*, 2026 WL 3417126 (S.D. Tex. Oct. 14, 2026) (ECF No. 34-4). BarkBox's reply cites none of them. They are not new developments; they are authorities BarkBox had in hand and chose not to utilize.

That is not the purpose of a notice of supplemental authority. Such notices "should be used sparingly—principally for new controlling authority or decisions that reflect developments in the relevant caselaw." *Rosenberg v. Avery*, No. 25-cv-222 (ALC), 2025 WL 2879605, at *18 (S.D.N.Y. Oct. 9, 2025) (quoting *Marcelletti v. GEICO Gen. Ins. Co.*, No. 6:23-CV-06211 EAW

CDH, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025)). They are "not for recently discovered case law, nor for arguments which the parties did not think to make [earlier]." *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 761 (N.D. Ohio 2024). The Court should disregard *Reaves*, *Lowrey*, and the *Siringi* report and recommendation.

**II. All of the Authority in this Circuit Holds that Texts are Calls.**

None of BarkBox's five decisions comes from a court within the Second Circuit. The courts of this Circuit that have decided the question hold that text messages are "telephone call[s]" under 47 U.S.C. § 227(c)(5), as discussed in the properly disclosed supplemental authority of *Gutman v. Ember Techs., Inc.*, No. 25-CV-02436 (NGG) (PCG), 2026 WL 3205965, at *4 (E.D.N.Y. Oct. 26, 2026) (ECF No. 33-1). As the *Gutman* Court explained, the Second Circuit has "'repeatedly treated [Section] 227(b)'s reference to telephone calls as covering text messages,'" id. at *6 (quoting *Better Mortg.*, 811 F. Supp. 3d at 639), and "binding and in-circuit case law supports the finding that 'telephone calls' includes texts," id. at *8. The out-of-circuit decisions to the contrary are "logically unpersuasive." Id.

**III. Plaintiff's Supplemental Authority.**

Two courts have rejected the reasoning BarkBox advances since the Plaintiff's last notice. In *Vandersloot v. ATYG, LLC*, No. 4:26-cv-00275-DCN, 2026 WL 3521464 (D. Idaho Nov. 16, 2026) (Ex. A), the Court "respectfully decline[d] to follow *Steidinger* and the district court decisions adopting its reasoning" and held "that a text message may constitute a 'telephone call' for purposes of § 227(c)(5)." *Id.* at *5. And in *Waterman v. General Automobile Insurance Services, Inc.*, No. SA-26-CV-03721-JKP, 2026 WL 3522712 (W.D. Tex. Nov. 16, 2026) (Ex. B)—decided the same day as BarkBox's *Starling* decision, by another Texas federal court—the Court held:

> Persuaded by the reasoning of these and the overwhelming majority of cases, this Court concludes the term "telephone call" incorporates text messages under the TCPA, and thereby, receipt of telemarketing text messages on a cellphone registered on the Do-Not-Call List are actionable under 47 U.S.C. § 227(c)(5).

*Waterman*, 2026 WL 3522712, at *3.

For these reasons, and those in Plaintiff's Opposition (ECF No. 27), the Motion should be denied.

Dated: November 21, 2026

Respectfully submitted,

/s/ Anthony I. Paronich
Anthony I. Paronich, Pro Hac Vice
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Proposed Class*