# Exhibit 1

2026 WL 3573414
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.

DWIGHT CALLIER, Plaintiff,
v.
THE FINISH LINE, INC., Defendant.

CIVIL ACTION NO. 3:25-CV-2331-B
|
Filed 11/20/2026

**Attorneys and Law Firms**

Dwight Callier, Fort Worth, TX, Pro Se.

Megan A. Altobelli, Bar Status: Admitted/In Good Standing, Blank Rome LLP, Dallas, TX, Ana Tagvoryan, Pro Hac Vice; Bar Status: Not Admitted, Manatt, Phelps & Phillips, Los Angeles, CA, Thomas P. Cialino, Pro Hac Vice; Bar Status: Not Admitted, Blank Rome LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM OPINION AND ORDER

JANE J. BOYLE UNITED STATES DISTRICT JUDGE

***1** Before the Court is Defendant The Finish Line, Inc. ("Finish Line")'s Motion to Dismiss (Doc. 8). For the reasons set forth below, the Court **GRANTS IN PART** Finish Line's Motion.

## I. BACKGROUND

Plaintiff Dwight Callier filed suit in this Court on August 28, 2025, alleging that Finish Line violated portions of the Telephone Consumer Protection Act (codified at 47 U.S.C. § 227). Doc. 3, Compl., 13-15. Callier's first claim relies on 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). *Id.* at 13-14. He alleges that Finish Line sent nonconsensual "telemarketing solicitations" to him in the form of ninety-seven text messages sent to his personal phone number, even though he was successfully listed on the National Do-Not-Call Registry. *Id.* Callier's second claim relies on § 227(b)(1)(A)(iii), which Callier alleges Finish Line violated by sending him the text messages via an automatic telephone dialing system ("ATDS"). *Id.* at 14-15. He contends that he had no prior business relationship with Finish Line and never signed up to receive texts from the company. *Id.* at 5-6. Thus, he contends Finish Line must have randomly generated his phone number and stored it inside its ATDS system. *Id.* at 12.

Finish Line now moves to dismiss, claiming that Callier "fail[ed] to state a claim upon which relief can be granted." Doc. 8, Mot. Br., 1 (citing FED. R. CIV. P. 12(b)(6)). First, Finish Line argues that Callier cannot state a cause of action under § 227(c) because the subsection "(1) does not apply to text messages and (2) does not apply to cellular telephones." *Id.* Second, Finish Line argues that Callier's second claim should be dismissed because "he has not plausibly alleged that [Finish Line] sent him a text message using an ATDS." *Id.*

Callier responded on November 7, 2025, and Finish Line replied to the response on November 21, 2025. Doc. 10, Pl.'s. Opp.; Doc. 11, Def.'s Reply. The Court considers the arguments below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move for dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Causes of action may be dismissed if the "private right of action [in the statute] is unavailable" to the plaintiff. *Aspire Commodities, LP v. GDF Suez Energy N. Am., Inc.*, No. H-14-1111, 2015 WL 500482, at *5 (S.D. Tex. Feb. 3, 2015), *aff'd sub nom. Aspire*

Commodities, L.P. v. GDF Suez Energy N. Am., Inc., 640 F. App'x 358 (5th Cir. 2016).

### III. ANALYSIS

***2** As to his first cause of action, Callier fails to state a claim because neither the ordinary meaning of "telephone call" nor statutory context support including text messages in § 227(c)(5). Callier's second cause of action survives because he pled facts sufficient to support a plausible inference that Finish Line used an ATDS to text him without his consent.

Because Callier is proceeding pro se, the Court construes his allegations liberally. *See* *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

#### *A. Callier Cannot State a Claim Under 227(C)(5) Because He Only Received Unwanted Text Messages—Not Telephone Calls.*

With respect to Callier's § 227(c)(5) claim, the Court disagrees with the conclusion of the United States Magistrate Judge, Doc. 23, Rep., 11, that text messages are actionable under § 227(c)(5). The Court recently held that text messages are not telephone calls under § 227(c)(5) in *Starling v. What If Holdings, LLC*, No. 3:26-cv-1029-B, 2026 WL 3536298 (Nov. 16, 2026) (Boyle, S.J.). Because Callier's § 227(c)(5) claim is premised solely on text messages, the Court's statutory analysis in *Starling* is directly applicable here, and thus the Court does not repeat its analysis. *See generally id.* at **3-6 (analyzing the TCPA subsection and surrounding provisions). The Court in *Starling* specifically concluded that both the ordinary public meaning of "telephone call" and the statutory context surrounding the provision exclude "text messages" from the meaning of "telephone call" as used in § 227(c)(5). *Id.* at *8. Because Callier only alleges receipt of unwanted text messages, and not telephone calls, the Court sees no reason to depart from its previous holding. Therefore, Callier's first claim must be dismissed as the private right of action in § 227(c)(5) is unavailable to him. [1]

#### *B. Callier Sufficiently Alleges Finish Line Used an ATDS to Send Him Texts, Contravening § 227(B)(1)(A)(Iii)'S Prohibition.*

With respect to Callier's § 227(b)(1)(A)(iii) claim, the Court agrees with the findings, conclusions, and recommendations of the United States Magistrate Judge. Doc. 23, Rep., 16. The Court reviewed de novo the objections to the Magistrate Judge's report and concludes that Callier sufficiently pled the use of an ATDS.

Section 227(b) of the TCPA makes it unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call ...." 47 U.S.C. § 227(b)(1)(A)(iii). [2] The TCPA defines an ATDS as "equipment which has the capacity —(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

Courts "have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and found that courts can rely on details about the call to infer the use of an ATDS." *Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-cv-1000-G-BK, 2023 WL 372066, at *4 (N.D. Tex. Jan. 23, 2023) (Fish, S.J.) (quoting *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-cv-337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, J.)). "To that end, courts in this circuit have held that a plaintiff can survive a motion to dismiss by pleading different facts in his complaint that implicitly illustrate" the use of an ATDS. *Id.* (collecting cases). Plaintiffs must allege facts supporting a reasonable inference that a defendant used an ATDS with the capacity to randomly or sequentially store or produce telephone numbers. *See* *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761 (N.D. Tex. Feb. 24, 2022) (Fitzwater, S.J.).

***3** Here, even though Callier admits that the facts he alleged relating to the ATDS are "bare bones," Doc. 10, Pl.'s Opp., 12, the Court focuses on the content of the pleadings rather than their characterization by either side. Callier alleged that 1) he did not sign up for texts from Finish Line; 2) he never gave Finish Line his phone number; 3) each text message was sent from the same SMS short code, [3] "45189"; 4) each text contained a solicitation asking him to sign up and/or make purchases; and 5) these texts were sent to him without any personalization throughout a three-year period. Doc. 3, Compl., 6-12.

Other courts have found similar allegations to be specific enough to support a plausible inference that an ATDS

was used. *See, e.g.*, *Horton v. MultiPlan Inc.*, No. 3:23-cv-2098, 2024 WL 3380236, at *7 (N.D. Tex. June 7, 2024) (Rutherford, M.J.), *rep. & rec. adopted*, 2024 WL 3378719 (N.D. Tex. July 11, 2024) (concluding that allegations that the text messages were generic, did not address the plaintiff by name, and were received despite the absence of any prior relationship between the parties were sufficient to plausibly allege the use of an ATDS at the pleading stage); *Horton v. Tex. Fed. for Children PAC*, 2023 WL 3136422, at *5 (holding that receipt of three generic text messages and the complete absence of any pre-existing relationship between the parties supported an inference that defendant used an ATDS).

Accordingly, because Callier's factual allegations are much more specific in nature than other § 227(b)(1)(A)(iii) claims that courts have dismissed at the pleadings stage, [4] his second claim survives Finish Line's motion to dismiss.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS IN PART** Finish Line's Motion to Dismiss (Doc. 8). Thus, Callier's first cause of action based on § 227(c)(5) is **DISMISSED WITHOUT PREJUDICE** while his second claim based on § 227(b)(1)(A)(iii) survives. [5]

**SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 3573414

## Footnotes

1 Because the Court determines that the § 227(c)(5) claim fails because text messages are not telephone calls, it does not address Finish Line's argument that calls to a cellular phone are not included in the provisions private right of action.

2 The parties here do not dispute that a text message to a cellular phone qualifies as a "call" for purposes of § 227(b).

3 Text messages can be sent from either a "long code" or a "short code." *Horton v. Tex. Fed. for Children PAC*, No. 3:22-cv-2736-D, 2023 WL 3136422, at *4 n.5 (N.D. Tex. Apr. 27, 2023) (Fitzwater, S.J.) (citation omitted). "SMS long codes are standard ten-digit telephone numbers including an area code," while SMS short codes are "four to six digit telephone number[s] used only for texting, and most frequently for commercial marketing purposes." *Id.*

4 *Hunsinger*, 2022 WL 562761, at *3. (dismissing plaintiff's claims that defendant used an ATDS to send text messages to him); *Horton v. Nat'l Republican Senatorial Comm.*, 2023 WL 372066, at *6 (allegations did not give rise to an inference of ATDS use where the complaint alleged receipt of only a single text message and provided only a threadbare description of the message's content and source).

5 Amending the complaint to attempt to state a claim under § 227(c)(5) based on receipt of text messages rather than telephone calls would be futile under this opinion. *See* *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.