# Exhibit 2

# *Rodriguez v. Premier Med. Assocs. All Fla. L.L.C.*

United States District Court for the Middle District of Florida, Orlando Division

November 17, 2026, Decided; November 17, 2026, Filed

Case No. 6:26-cv-792-JSS-CAB

**Reporter**
2026 U.S. Dist. LEXIS 264698 *; 2026 LX 703590

KATHERINE RODRIGUEZ, Plaintiff, v. PREMIER MEDICAL ASSOCIATES ALL FLORIDA L.L.C., Defendant.

**Prior History:** *Rodriguez v. Allegheny Health Network, 2026 U.S. Dist. LEXIS 142447 (June 25, 2026)*

**Counsel:** **[*1]** For Katherine Rodriguez, individually and on behalf of all others similarly situated, Plaintiff: Rena Lerner, The Law Offices of Jibrael S. Hindi PLLC, Wilton Manors, FL; Zane Charles Hedaya, Hedaya Law P.A., Tampa, FL; Gerald D Lane Jr, LEAD ATTORNEY, Miami, FL; Mitchell David Hansen, LEAD ATTORNEY, The Law Offices of Jibrael S. Hindi, Wilton Manors, FL; Samuel Joseph Awad, LEAD ATTORNEY, Fort Lauderdale, FL.

**Judges:** Chauncey A. Bratt, United States Magistrate Judge.

**Opinion by:** Chauncey A. Bratt

## Opinion

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Default Judgment, filed on August 21, 2026 (Doc. 26) (the "Motion"). Upon consideration, and for the reasons articulated below, the undersigned respectfully recommends that Plaintiff's Motion be denied. Should the recommendations outlined in this Report and Recommendation be adopted by the Court, the undersigned further recommends that the Court issue an order requiring Plaintiff to show cause as to why her case should not be dismissed for failure to state a claim upon which relief can be granted.

### I. Background

This action has been brought by Plaintiff Katherine Rodriguez on behalf of a putative class[1] against Defendant Premier Medical Associates All Florida L.L.C. pursuant to the **[*2]** federal Telephone Consumer Protection Act (the "TCPA"). (*See generally* Doc. 7) (the "Amended Complaint"). In her Motion, Plaintiff contends that she has been on the National Do-Not-Call Registry since August 23, 2022. (*See id.* at 3 ¶ 12). Plaintiff further represents that, on September 14, 2025, she "requested to opt-out of Defendant's solicitations by sending Defendant a stop instruction." (Doc. 7 at 2 ¶ 5). According to Plaintiff, Defendant ignored her stop/opt-out instruction and proceeded to send her four unsolicited text messages over a period of several months. (*Id.* at 2 ¶ 8; *see also* Doc. 7-1 (screenshots of the four text messages)).

Plaintiff initiated the present action in a Complaint filed with the Court on April 10, 2026. (Doc. 1). Seven days later, on April 17, 2026, Plaintiff amended her Complaint. (Doc. 7) (the "Amended Complaint"). In Count I of the Amended Complaint, Plaintiff claims that Defendant's actions violated *47 U.S.C. § 227(c) of the TCPA* and *47 C.F.R. §*

---

[1] Plaintiff has not yet attempted to certify the class.

*64.1200(d)*. (*Id.* at 11-15). In Count II of the Amended Complaint, Plaintiff asserts that Defendant violated *47 U.S.C. § 227(c) of the TCPA* and *47 C.F.R. § 64.1200(c)*. (*Id.* at 15-17). On June 22, 2026, after Defendant was served and failed to timely respond to the Amended Complaint, Plaintiff filed a Request for Entry of Clerk Default against Defendant. (Doc. **[*3]** 18). An Entry of Default was made against Defendant on June 30, 2026. (Doc. 22). Plaintiff now moves for default judgment. (Doc. 26).

**II. Standard**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. *Fed. R. Civ. P. 55(b)(2)*; *see also* *Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244 (11th Cir. 2015)*. The mere entry of a default by the Clerk does not, in and of itself, warrant the Court's entering a default judgment against a defendant. *See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)*. Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. *Id.* Thus, before entering a default judgment for damages, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* "Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011)*.

"Typically, a court may enter a default judgment when the complaint presents a sufficient basis for relief." *Cardinale v. Wang*, No. 6:21-cv-379-ACC-GJK, 2021 WL 7543624, at *1 (M.D. Fla. Sep. 13, 2021) (citing *Fed. R. Civ. P. 55(b)*). "A sufficient basis exists when the complaint's well-pled factual allegations state a plausible claim for relief." *Id.* (citing *Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)*); *see also* *Icon EV LLC v. Corple, No. 8:24-cv-0609-KKM-AEP, 2024 U.S. Dist. LEXIS 226932, 2024 WL 5248034, at *2 (M.D. Fla. Dec. 13, 2024)* ("Courts **[*4]** assess pleadings in conjunction with a default judgment by a standard 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'" (quoting *Surtain, 789 F.3d at 1245*)). Moreover, it is the plaintiff who "bears the burden to demonstrate the amount of damages it contends the court should award, and [it is] the court [that] determines the amount and character of damages to be awarded." *Icon EV LLC, 2024 U.S. Dist. LEXIS 226932, 2024 WL 5248034, at *2* (citing *The Kiwi Grp., Inc., 247 F.R.D. 679, 681 (M.D. Fla. 2008)*). Where a defendant has defaulted, any well-pled factual allegations in a Plaintiff's complaint are deemed to be admitted by the defendant. *See id.* at *3; *Tyco, 218 F. App'x at 863*.

**III. Discussion**

**A. Jurisdiction**

As a preliminary matter, the undersigned finds that this Court has federal question subject matter jurisdiction over the present action pursuant to *28 U.S.C. § 1331*, as the action has been brought by Plaintiff under the TCPA. (*See generally* Doc. 7). "This Court must also ensure it has personal jurisdiction over the defaulting defendant." *Icon EV LLC, 2024 U.S. Dist. LEXIS 226932, 2024 WL 5248034, at *2* (citation omitted). Plaintiff's Amended Complaint conveys that "Defendant is a limited liability company with its headquarters located in The Villages, Florida." (Doc. 7 at 4 ¶ 11). Florida's long-arm statute reaches persons "[o]perating, conducting, engaging in, or carrying on a business or business **[*5]** venture in this state or having an office or agency in this state." *Fla. Stat. § 48.193(1)(a)*. Here, Plaintiff's Amended Complaint and Motion for Default Judgment include well-pled factual allegations showing that Defendant operated a business-venture that impacted consumers residing within the Middle District of Florida. (*See* Doc. 7 at 4-7). Thus, the undersigned finds the exercise of personal jurisdiction to be appropriate in this matter.

**B. Plaintiff's TCPA Claims**

Plaintiff moves for entry of default judgment on her two interrelated claims that Defendant violated the TCPA and individual regulations promulgated by the Federal Communications Commission ("FCC") under that statute, specifically *47 C.F.R. §§ 64.1200(c)* and *(d)*. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion be denied by the Court on the basis that Plaintiff has failed to plead a viable claim for relief. *See Tyco, 218 F. App'x at 863*.

Pursuant to *Section 227(c)*, causes of actions under this section may be brought with respect to a "telephone call:"

> A person who has received more than one telephone call[2] within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the **[*6]** laws or rules of court of a State bring in an appropriate court of that State—
>
> > . . . .
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater.

*47 U.S.C. § 227(c)(5)*. As Plaintiff states in her Amended Complaint, the FCC's implementing regulations for *Section 227(c)*—namely *§§ 64.1200(c)* and (d) of the C.F.R.—are "'applicable to any person or entity making telephone solicitations ***or telemarketing text messages*** to wireless telephone numbers.'" (Doc. 7 ¶¶ 45, 61 (quoting *47 C.F.R. § 64.1200(e)*) (emphasis added)). The undersigned recommends, however, that this Court join the growing number of courts who have found that, despite the FCC's contrary interpretation, *Section 227(c)* does not apply to text messages.

In 2025, the Supreme Court pertinently held that "[t]he District Court is not bound by the FCC's interpretation of the TCPA. The District Court should interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146, 168, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025)*. Since the time of the Supreme Court's holding in *McLaughlin*, the matter of whether "text messages" may permissibly be construed as "telephone calls" has been **[*7]** dealt with differently by courts across the country. *Compare, e.g., Steidinger v. Blackstone Med. Servs., 182 F.4th 532, 540 (7th Cir. 2026)* ("Repeated, unwanted text messages are undoubtedly a nuisance. But they do not fall within the private right of action created by *§ 227(c)(5)*. Instead, spam messages may be curbed through agency action pursuant to other provisions of *§ 227*, which we leave undisturbed."); *Radvansky v. 1-800-Flowers.com, Inc., No. 1:25-cv-2811-TWT, 2026 WL456919, at *5 (N.D. Ga. Feb. 17, 2026)* (noting agreement "with the decisions in this Circuit concluding that the phrase 'telephone call' in *47 C.F.R. § 64.1200(c)(5)* does not encompass text messages"); *El Sayed v. Naturopathica Holistic Health, Inc., No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025)* ("[A] text message is not a 'telephone call.'"); *and Jones v. Blackstone Med. Servs., 792 F. Supp. 3d 894, 901-02 (C.D. Ill. 2025)* (finding that "Plaintiffs have failed to state claims for violations of *Section 227(c) of the TCPA*, *47 C.F.R. § 64.1200(c)*, and *47 C.F.R. § 64.1200(d)* given that allegedly 'violative text messages' stand 'at the core of Plaintiffs' factual allegations'"); *with McGonigle. v. Off. Depot, LLC., No. 25-80069-CIV-DIMITROULEAS, 2025 U.S. Dist. LEXIS 231061, 2025 WL 5272595, at *3 (S.D. Fla. Nov. 25, 2025)* (holding that text messages are "calls" for purposes of *47 U.S.C. § 227(c)(5)*); *McGonigle v. Shopperschoice.com, L.L.C.*, M.D. La., CIVIL ACTION 25-152-SDD-RLB, 2026 WL 413198, at *6 ("[T]he Court finds that Subsection 227(c)(5) applies to cell phone text messages."); *and Alvarez v. Fiesta Nissan, Inc., No. 7:25-CV-00343, 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026)* ("Thus, to make a 'telephone call' for purposes of *§ 227(c)(5)*, is [] 'to get or try to get into communication' with 'an instrument for producing sounds at a distance.' A text message therefore falls reasonably within the literal language of the statute." (internal citations omitted)).

---

[2] The term "telephone call" is notably left undefined by the TCPA. *See generally 47 U.S.C. § 227(a)*.

Although the Eleventh Circuit Court of Appeals has not yet addressed this issue, in **[*8]** the time since the Supreme Court's decision in *McLaughlin*, the matter has been repeatedly litigated before courts in this Circuit. Most of them have reached the conclusion that Section 227(c)(5)'s private right of action does ***not*** apply to text messages. *See* Internicola v. Mortgagepros, LLC, No. 6:25-CV-01613-AGM-LHP, 2026 U.S. Dist. LEXIS 129255, 2026 WL 2160936, at *3 (M.D. Fla. June 10, 2026) ("The omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.' . . . Most other Judges in this Circuit have reached the same conclusion."), *report and recommendation adopted in part, rejected in part on other grounds sub nom.* Internicola v. Mortgagepros, LLC, No. 6:25-CV-01613-AGM-LHP, 2026 U.S. Dist. LEXIS 218718, 2026 WL 3027393 (M.D. Fla. Sept. 24, 2026); Conrad, 2026 U.S. Dist. LEXIS 209507, 2026 WL 2741623, at *13 ("Until Congress broadens § 227(c)(5)'s right of action to the receipt of 'text messages' or all 'text solicitations,' [the plaintiff] has no personal right of action in this court."); Irvin v. Sonic Indus. Servs., LLC, No. 3:25-CV-00242-LMM, 2026 U.S. Dist. LEXIS 90262, 2026 WL 1098403, at *5 (N.D. Ga. Apr. 20, 2026) ("Section 227(c)(5)'s private right of action is limited to 'telephone call[s],' a term the Court finds does not encompass text messages, contrary to the FCC's interpretation in *47 C.F.R. § 64.1200(e)*."); James v. Smarter Contact, Inc., No. 8:25-cv-1657-KKM-SPF, 828 F. Supp. 3d 1367, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) (granting motion to dismiss on same basis); Lopresti v. Nouveau Essentials Mktg. LLC, No. 5:25-cv-282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599, 2026 WL 964758, at *6 (M.D. Fla. Feb. 26, 2026) (recommending[3] that a motion for judgment on the pleadings be granted "because [the plaintiff] lack[ed] a private right of action under [47 U.S.C.] § 227(b) and § 227(c) for the text messages alleged in the complaint"); Radvansky v. 1-800-Flowers.com, Inc., No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, 2026 WL 456919, at *3-5 (N.D. Ga. Feb. 17, 2026) (granting motion to dismiss because the term "telephone call" in 47 U.S.C. § 227(c)(5) does not encompass text messages and finding for the same **[*9]** reason that the plaintiff's "class allegations likewise fail"); Radvansky v. Kendo Holdings, Inc., No. 3:23-CV-00214-LMM, 2026 U.S. Dist. LEXIS 65154, 2026 WL 810929, at *2-3 (N.D. Ga. Feb. 12, 2026) (granting motion for judgment on the pleadings on same basis); El Sayed, 2025 WL 2997759 (granting motion to dismiss on same basis); Davis v. CVS Pharmacy, Inc., 797 F. Supp. 3d 1270, 1272-76 (N.D. Fla. 2025) (granting motion to dismiss on same basis)*; but see* Piet v. Off. Depot, LLC, No. 24-81488-CIV, 2025 U.S. Dist. LEXIS 230981, 2025 WL 4676030, at *3 (S.D. Fla. Nov. 25, 2025) (denying judgment on the pleadings and holding that "a text message is a call for the purpose of the TCPA" in order to "afford appropriate respect to the FCC's interpretation") (I nternal quotation marks omitted).

For example, in *El Sayed*, a plaintiff residing within the Middle District of Florida brought claims pursuant to 47 U.S.C. § 227(c)(5) and *47 C.F.R. § 64.1200(d)* against a company that sent the plaintiff unsolicited text messages. *See* 2025 WL 2997759, at *1. This Court ultimately granted the defendant company's motion to dismiss, holding that "'the statutory text [of § 227(c)(5)] is clear [that] a text message is not a "telephone call."'" *Id.* at *2 (quoting Davis v. CVS Pharmacy, Inc., 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025)) (emphasis added). As this Court further observed, "[i]n addition to the fact that in common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication, the term 'text message' appears elsewhere in the TCPA and related amendments," suggesting that "Congress understood the pertinent distinction and legislated mindful of [it]." *Id.* (citing *Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a)* (codified at 47 U.S.C. §§ 227(e)(8)(A)-(B)) (distinguishing between "a call made using a voice service" and "a text **[*10]** message sent using a text messaging service")). The undersigned recommends that the reasoning underlying the holding in *El Sayed* be adopted here as well.

Neither Plaintiff's Motion for Default Judgment nor her Amended Complaint meaningfully addresses whether text messages may be properly construed as telephone calls for purposes of 47 U.S.C. § 227(c), aside from broadly citing the FCC's aforementioned regulations at *47 C.F.R. §§ 64.1200(c)* and *(d)*. (*See generally* Doc. 26; Doc. 7 ¶¶ 45, 61). Courts finding text messages to be actionable under § 227(c), however, have referenced several arguments for Plaintiff's position. For example, some courts have posited that text messages fall within the "literal language" of § 227(c) because they, much like telephone calls, inherently involve getting or trying to get into communication with another utilizing an '"instrument for producing sounds at a distance."' Alvarez, 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at *4-5 (quoting Webster's Ninth New Collegiate Dictionary 197 (1990)). Such an

---

[3] The Court has not yet ruled on the magistrate judge's report and recommendation in the *Lopresti* case.

interpretation of the statutory text, however, is largely incongruous with the "ordinary meaning canon," in that it would be unreasonable to assume that the commonly understood meaning of the term "telephone call" in 1991, the year that Congress enacted *§ 227(c) of the TCPA*, included text messages, as "ordinary **[*11]** users" of these technologies have "always referred to text messages as 'texts' or 'messages,' not 'telephone calls.'" *Conrad v. Hart Consumer Prods., No. 4:24-cv-307, 2026 U.S. Dist. LEXIS 209507, 2026 WL 2741623, at *9 (N.D. Ala. Sep. 16, 2026)*. Relatedly, applying the "fixed-meaning cannon" of statutory interpretation to the present case, the undersigned is convinced that, "even if an annoyed consumer justifiably wants to expand Congress' 1991 understanding of 'telephone calls' to capture modern annoyances, or the FCC does so on the frustrated consumer's behalf," it is not the place of courts to "expand 'telephone calls' under *§ 227(c)(5)* to include text-based messages sent by computers through service providers rather than the real-time transmission of sound through telephones." *Id.* at *11. The latter "was the People's understanding of the term 'telephone call' when their Congress created the private right of action in 1991." *Id.* at *11.

An additional basis cited by some courts in favor of a broader interpretation of the term "telephone call" is that in *§ 227(b)* Congress "uses the same term—'telephone call'—as it does in *§ 227(c)*." *Alvarez, 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at *6*. This holds particular significance to such courts given that "the FCC as well as myriad courts have for years interpreted 'telephone call' in *§ 227(b)* to include text messages." *Id.* As the Seventh Circuit Court of Appeals recently **[*12]** held, however, in determining that *§ 227(c)(5)* does not apply to text messages, *§ 227(b)* contains different language than *§ 227(c)*:

> Subsection (b) prohibits a wide range of conduct, including certain calls to paging services and uses of telephone facsimile machines. *See 47 U.S.C. § 227(b)(1)*. And subsection (b)'s corresponding private right of action is broadly framed: an individual may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." *Id. § 227(b)(3)(A)*. Conversely, *§ 227(c)(5)* only creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period ... in violation of the regulations prescribed under this subsection."

*Steidinger, 182 F.4th at 540*. Given the difference in scope between the two sections' private rights of action, the undersigned is not persuaded that Congress intended to provide a right of action under *Section 227(c)(5)* for anything more than traditional telephone calls. Accordingly, for the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Default Judgment be denied.

## IV. Conclusion

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiff's Motion for Default Judgment (Doc. 26); and

2. **ISSUE AN ORDER [*13] TO SHOW CAUSE** as to why the case should not be dismissed for failure to state a claim upon which relief can be granted.

## NOTICE TO PARTIES

A party has **fourteen days** from the date the party is served a copy of this Report to file written objections to this Report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. *28 U.S.C. § 636(b)(1)(C)*. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report. *See 11th Cir. R. 3-1*; *28 U.S.C. § 636(b)(1)*.

Recommended in Orlando, Florida on November 17, 2026.

/s/ Chauncey A. Bratt

Chauncey A. Bratt

United States Magistrate Judge

---

End of Document